In the Matter of Proving the Last Will and Testament and Codicil
of HENDERSON JOURNEAY, Deceased.

*What constitutes undue influence.*

Unless solicitation and importunity are carried so far as to prevent the free exer-
cise of volition on the part of a testator they do not constitute coercion, or
what the law terms undue influence.

APPEAL by Abigail Journeay and another, heirs at law and next
of kin of Henderson Journeay, deceased, from portions of a decree
of the Surrogate's Court of the county of Richmond, entered in the
Richmond County Surrogate's Court on the 15th day of May, 1893,
admitting to probate the will and codicil of Henderson Journeay,
deceased, and dismissing the objections of the appellants to the pro-
bate of the codicil.

*Louis S. Phillips,* for the appellants, Abigail Journeay and Susan
Sprague.

*Calvin D. Van Name* and *Sidney F. Rawson,* for Mary L.
Engelbrecht, respondent.

DYKMAN, J. :

This is an appeal from the decree of the surrogate of Richmond
county admitting to probate the last will and testament and codicil
of Henderson Journeay, deceased.

There were no objections filed against the will, and the contest
arose over the codicil alone.

The will was dated November 15, 1887, and the codicil bears date
September 17, 1891.  Both instruments were executed after the
testator became blind, and he died in December, 1891, in the eighty-
third year of his life.

The objections to the codicil were that its execution was not
the unconstrained act of the testator ; that the same was not subscribed
and published according to the statute, and that the testator was not
at that time of sound mind.

The testimony on the part of the contestants was directed to the
question of undue influence, but it fell far short of proving the
destruction of free agency.

Unless solicitation and importunity are carried so far as to prevent the free exercise of volition they do not constitute coercion, or what the law terms undue influence.

The proof of the strained relations between the testator and some of the members of his family has but slight weight or influence in the case.

The testator was an old man, and quite feeble both in body and mind, but he was not imbecile; and the whole testimony shows him to have been in the possession of his faculties down to the very last day of his life.

We think the testimony was sufficient to justify the decree admitting the will and the codicil to probate, and we find no legal errors. We cannot, however, concur with the surrogate upon the question of costs.

While there is always ill-feeling, and perhaps improper motives, attending a controversy over a will, yet we cannot discover sufficient reason for charging the contestants with costs, and we think the decree should be so modified as to make the costs payable out of the estate, and, as so modified, affirmed.

BROWN, P. J., and CULLEN, J., concurred.

Decree modified so as to direct the costs to be paid out of the estate, and, as modified, affirmed, with costs of appeal to all parties, payable out of the estate.